IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ROBERT EARL ELLIS, #112146                                          PETITIONER

VS.                                           CIVIL ACTION NO. 3:08cv44-TSL-FKB

COOPER MISSKELLEY, ET AL.                                   RESPONDENTS

<u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on Robert Earl Ellis's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Having considered the petition, the Respondents' answer, and the Petitioner's Rebuttal and Amended Rebuttal (Docket Nos. 18 and 20), the Court finds that habeas relief should be denied, and that the petition should be dismissed with prejudice.

<u>I. FACTS AND PROCEDURAL HISTORY</u>

On May 17, 2005, Ellis was convicted of aggravated assault in the Circuit Court of Holmes County, Mississippi. He was subsequently sentenced to twenty (20) years in the custody of the Mississippi Department of Corrections, with the last five (5) years to be served on post-release supervision.

Thereafter, Ellis appealed his conviction and sentence. The Mississippi Court of Appeals considered five issues on appeal, as follows:

    1. Whether Ellis was the victim of a conspiracy to illegally accuse and convict him of aggravated assault?

    2. Whether the trial court erred in refusing to provide the jury with Ellis' "Single Juror" Instruction D-2, "Presumption of Innocence and State's Burden of Proof" Instruction D-9, "Elements of the Offense" Instruction D-11, and "Accident" Instruction D-12?

    3. Whether the trial court erred in failing to provide the jury with an instruction on any of the lesser-included offenses to the crime of aggravated assault?

    4. Whether the trial court erred in failing to provide the jury with a self-defense instruction?

    5. Whether Ellis received constitutionally ineffective assistance of counsel?

Ellis v. State, 956 So.2d 1008, 1010-1011 (Miss. Ct. App. 2007).

The Mississippi Court of Appeals summarized the relevant facts, as follows:

On April 10, 2004, an argument ensued between Robert Earl Ellis and his brother, Mossolina Ellis, over whether Robert could construct a home on a parcel of property located at 443 Longcreek Road in Holmes County, Mississippi. The property in dispute had been the home place of their mother, Ethel Lee Ellis, prior to her death in 2001. Robert and his stepson, Elton D. Jackson, had run water lines and were preparing to lay foundation blocks on the property, when Mossolina was informed by his and Robert's nephew, Calvin Young, Jr., that Robert was building a home on the property. Mossolina, who lives approximately one quarter of a mile down Longcreek Road, approached Robert, and told him that he had no right to build on that section of the property because their mother had willed that section to their brother Tim. At the time, Ethel Lee Ellis' will had not been probated. Robert insisted that he had every right to build his home on that section of the property, and the argument grew increasingly heated. During the course of the argument, Robert pulled a 30/30 rifle from his truck and fired two shots at the ground between Mossolina and Calvin. When Robert attempted to fire a third shot, the rifle jammed, and Calvin ran home to call the police. According to Mossolina, Robert then said, "I'll take care of you," and pulled a .22 caliber rifle from his truck. Mossolina testified that as he retreated home, Robert leaned across the hood of his truck, took aim, and fired one shot striking Mossolina in the head. Mossolina's injuries were nonfatal, but he has suffered some partial permanent disability as a result of his wound.

Ellis v. State, 956 So.2d 1008, 1011 (Miss. Ct. App. 2007).

Finding no error, the Court of Appeals affirmed the judgment of the trial court. Id. The Court of Appeals denied a rehearing on May 29, 2007. Id. (Cause No. 2005-KP-10426, May 29, 2007).

Thereafter, Ellis filed his Petition for Writ of Certiorari[1] with the Mississippi Supreme Court on October 17, 2007. Ellis v. State, 973 So.2d 244 (Table)(Miss. 2007); see Docket No. 15 at 1, Ex. B. In an Order entered December 6, 2007, the Mississippi Supreme Court denied the Petition for Writ of Certiorari as untimely filed. Id. Pursuant to Rule 17(b) of the Mississippi Rules of Appellate Procedure, Ellis's Petition was due "within fourteen (14) days from the date of entry of judgment by the Court of

---

[1] Attached to his Petition for habeas corpus relief is a filing purported to be Ellis's Petition for Writ of Certiorari filed before the Mississippi Supreme Court. In that filing, he raised the following issues that are the same as the grounds he raises in his present Petition for habeas corpus relief:
 1. Self Defense;
 2. Speedy Trial Violation;
 3. Ineffective Assistance of Counsel; and
 4. Constitutional violations by the courts of the State of Mississippi.

Appeals on the motion for rehearing, unless extended upon motion filed within such time," or by June 12, 2007. Instead, Ellis filed his Petition for Writ of Certiorari on October 17, 2007, and the Mississippi Supreme Court denied it on December 6, 2007. Docket No. 15 at 1, Ex. B.

On August 22, 2006, while the direct appeal of his conviction was pending, Ellis filed a Motion for Leave to Proceed in the Trial Court with a Motion for Post-Conviction Collateral Relief with the Mississippi Supreme Court. The Mississippi Supreme Court denied the motion because Ellis's direct appeal of his conviction was still pending in the Court of Appeals. See id. at Ex. C.

After his conviction was affirmed by the Court of Appeals on February 27, 2007, Ellis filed a second Motion for Leave to Proceed in the Trial Court with a Motion for Post-Conviction Collateral Relief in the Mississippi Supreme Court on May 27, 2007. According to the Petitioner, he raised the following grounds for relief in this filing:

> Issue 1: The State violated my 4th constitutional right to be secure in my persons, house, and property.
>
> Issue 2: The State violated my 5-6 Amendment right to self incrimination, by refusing to allow me to have a fair trial, and by refusing to allow me to call my son to testify as well as myself.
>
> Issue 3: The Court violated my 8th Amendment right by imposing a harsh sentence upon me, including undue duress upon me as well as my children.
>
> Issue 4: The trial court violated my 9th Amendment right, right retained by "All the people of these United States. The right to inherite [sic] and posess [sic] properties.
>
> Issue 5: The trial court violated my 14th Amendment right as guaranteed by the constitution of these United States to all persons borned [sic] or naturalized.

On June 27, 2007, the Mississippi Supreme Court denied Ellis's motion for Post-Conviction Relief and found that Ellis failed "to make a substantial showing of the denial of a state or federal right, pursuant to Miss. Code Ann. § 99-39-27(5)." See Docket No. 15 at 1, Ex. D. The State Supreme Court denied Ellis's Motion and Petition for Reconsideration and Appeal on August 10, 2007. See id. at Ex. E.

In his present petition for a writ of habeas corpus pending before this Court, the Petitioner raises

several grounds for relief, quoted as follows:

> Ground One: Ineffective Assistance of Counsel.  My trial counsel refused to allow me or the only eye witness to the incident to give our testimony before the jury.
>
> Ground Two: Allaby [sic] and self defense.  The shooting of the alleged victim was in defense of my property and in defense of myself and chid [sic].  The shooting was further accidental [sic] and unintentional.
>
> Ground Three: Speedy Trial.  The trial court failed to bring me to trial in a timely manner.
>
> Ground Four: The Trial Court as well as the Higher Courts of the State of Mississippi violated my constitutional rights.  The state courts violated my Federal Constitutional Rights, [as follows:]
>
>> [A.] The 5th Amendment Right against self incrimination
>> [B.] The 6th Amendment Right speedy trial right
>> [C.] The 8th Amendment Right.  The right to due process and cruel and unusual punishment (8th Amendment)

## II. DISCUSSION

The State asserts that Ellis's grounds fail to provide the basis for habeas relief.  After reviewing the filings, the undersigned agrees with the State and finds that this Petition should be denied, and this case should be dismissed with prejudice. The Court first addresses certain grounds that are barred from review by this Court.

### A.  Grounds One and Two: Barred pursuant to *O'Sullivan v. Boerckel*

A review of the Petitioner's arguments set forth in his first and second grounds for relief demonstrates that these claims are procedurally barred from review by this Court.  In his first claim, he argues that he suffered ineffective assistance of trial counsel when his trial counsel refused to allow him or his eyewitness, stepson Elton D. Jackson, to testify at trial.[2]  In his second ground for relief, Ellis

---

[2] Petitioner incorporates part of this argument in his fourth ground for relief, arguing that the state courts denied him his Fifth Amendment right against self incrimination when they did not allow him or his witness, stepson Elton D. Jackson, to testify at trial. See Docket No. 1 at 10 (Petition).

argues that the shooting was accidental and in self-defense.[3]  Petitioner raised these claims on his direct appeal to the Mississippi Court of Appeals and in his motion for rehearing before that court.  However, he failed to file a timely Petition for Writ of Certiorari, and, therefore, the Mississippi Supreme Court dismissed his Petition as untimely.  The State suggests that Ellis's ineffective assistance of counsel claim may be barred from review by this Court.  An examination of the relevant law demonstrates conclusively that a procedural bar operates to prevent this Court from reviewing both grounds one and two.

A United States Supreme Court case, O'Sullivan v. Boerckel, 526 U.S. 838 (1999), is instructive on the federal habeas review accorded in such situations.  O'Sullivan analyzed the two-tier appellate review procedure of Illinois, which allows for discretionary review of appellate court decisions by the Illinois Supreme Court. In that case,  the Supreme Court concluded that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The Supreme Court concluded that an Illinois habeas petitioner must first apply to that state's supreme court for review of an appellate decision before the petitioner's claims may be considered "exhausted" pursuant to 28 U.S.C. § 2254(c).

Likewise, in Mississippi, appellants who are dissatisfied with the decision of the Mississippi Court of Appeals must first file a motion for rehearing with that court, then file a petition for writ of certiorari with the Mississippi Supreme Court to obtain review of the decision of the Court of Appeals.  Miss. R. App. P. 17(b). Because Ellis did not seek a timely Rule 17(b) review of the decision of the Court

---

[3]Petitioner also uses the term "Allaby" in expressing this second ground for relief.  The Court interprets "Allaby" as the term "Alibi" based upon Petitioner's use of the term in his Amended Rebuttal Brief.  Docket No. 20.  In his Amended Rebuttal Brief, Ellis equates the term "alibi" with an "accident" by stating that "an accident is an alibi."  Petitioner misapprehends the meaning of the term "alibi."  An "alibi" is a "defense that places the defendant at the relevant time in a different place than the scene involved and so far removed therefrom as to render it impossible for him to be the guilty party." Black's Law Dictionary 66 (5th ed. 1979).  Petitioner has failed to raise the defense of alibi, as set forth by Black's Law Dictionary, at any point in his direct or collateral appeals.  Therefore, any argument for relief based upon an "alibi" defense is barred pursuant to Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995).

of Appeals on these claims in the direct appeal of his case, he has, therefore, procedurally defaulted federal review of his first and second grounds for relief. O'Sullivan, 526 U.S. at 845-846 and 848; see also Sones, 61 F.3d at 415.

As petitioner has failed to show "cause" for the default, the Court need not address whether there is actual prejudice. Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).[4] Furthermore, as explained in section (II)(B) below, petitioner has made no showing that failure to address his claim will result in a miscarriage of justice. Sawyer v. Whitley, 505 U.S. 333 (1992). Thus, these claims are not eligible for review by this Court, and they must be dismissed with prejudice.

### B.  Grounds Three and Four (Part B):  Barred Pursuant to *Sones v. Hargett*

The State asserts that certain grounds that Ellis has argued before this Court cannot be reviewed in this forum based upon Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995). After reviewing the grounds, the undersigned agrees. The claims that the undersigned finds are barred from habeas corpus review are Ellis's claims in ground three (speedy trial claims) and ground four, part B (6th amendment speedy trial claims).

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. See Edwards v. Carpenter, 120 S.Ct. 1587 (2000); Coleman v. Thompson, 501 U.S. 722, 729-55 (1991); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. Edwards, 120 S.Ct. at 1587; see also Mercadel v. Cain, 179

---

[4] As to Petitioner's ineffective assistance of counsel claim based on the failure to call his stepson as a witness, the undersigned also notes that complaints of uncalled witnesses are not favored in a federal habeas corpus court because the presentation of testimony evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative. McCoy v. Cabana, 794 F.2d 177, 183 (5th Cir. 1986); Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984); United States v. Cockrell, 720 F.2d 1423, 1427 (5th Cir. 1983)("this court has viewed with great caution claims of ineffective assistance of counsel where the only evidence of a missing witness' testimony is from the defendant.").

F.3d 271, 275 (5th Cir. 1999); Whitehead, 157 F.3d at 387.  Petitioner has not met this requirement as to his claims in ground three (speedy trial claims) and ground four, part B (6th amendment speedy trial claims) because he failed to argue them in either his direct appeal or in his motion for post-conviction relief in state court.  No relief would now be available because the three-year limitations period for post-conviction relief set forth in Miss. Code Ann. § 99-39-5(2) has run.  A federal court may not review the merits of a procedurally-barred claim absent a showing either of cause for the default and actual prejudice or that failure to address the claim would result in a miscarriage of justice.  See Sones v. Hargett,  61 F.3d 410, 415 (5th Cir. 1995).  To satisfy the "cause" standard, the petitioner must show that "some objective factor external to the defense" impeded his compliance with Mississippi's procedural rules.  McClesky v. Zant, 499 U.S. 467, 493 (1991).  Petitioner has made no such "cause" showing.  Because he has shown no "cause" for his default, the Court need not examine whether "actual prejudice" exists.   Herbst v. Scott, 42 F.3d 902, 906 (5th Cir.), cert. denied, 115 S.Ct. 2590 (1995).

        The next step in this determination is whether Ellis's procedural default on these claims may be excused by a demonstration that failure to consider his claims will result in a fundamental miscarriage of justice.  These cases "are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime."  McClesky, 499 U.S. at 494.  This standard requires the petitioner to make a "'colorable showing of factual innocence.'"  Herrera v. Collins, 113 S.Ct. 853, 862 (1993)(quoting Kuhlman v. Wilson, 477 U.S. 436, 454 (1986)).  A review of the filings and relevant law shows that Ellis fails as to this exception.

         "Actual innocence" is not a constitutional claim in itself, "but instead [is] a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera v. Collins, 506 U.S. 390, 404 (1993).  In other words, it is merely a way to overcome a procedural bar, such as failure to properly raise a claim in state court, or filing after the limitations period has expired.  The actual innocence exception is available for only the "narrow class of cases" where a

petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v Delo, 513 U.S. 298, 315 (1995). Courts have determined, however, that the self-defense claim is a legal defense, and, consequently, have rejected arguments based upon self-defense as not arguing factual innocence, but legal innocence. Brown v. Gibson No. 99-6419, 2001 WL 363522 (10th Cir. Apr. 12, 2001); Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000).

Although Ellis argues that his claim is one for "actual innocence," his claim does not overcome the procedural bar. Petitioner makes a self-defense argument, arguing that he shot at the ground in an attempt to frighten the victim and to defend against the victim's threats. He does not deny that he shot the victim, but instead he asserts that the shooting both resulted from an accident and was committed in defense of him, his stepson, and his property. The courts have rejected self-defense arguments as a basis for arguing factual innocence.

Likewise, the Petitioner's "accident" argument can be likened to a legal defense. The petitioner cannot claim "factual innocence," but fully admits that he held the gun that shot the victim, and that he shot in the direction of the victim. Docket No. 20 at 10. Thus, because these arguments are based upon "legal" innocence rather than "factual" innocence, Ellis has failed to make a colorable showing of factual innocence. Because this argument fails to show that Ellis is "factually innocent" of the crime for which he was charged, he has failed to demonstrate that this court's refusal to consider his claims will result in a fundamental miscarriage of justice. Accordingly, this Court should not consider the claims in ground three (speedy trial claims) and ground four, part B (6th amendment speedy trial claims) on the merits, and these claims are procedurally barred in this Court. See Sones v. Hargett, 61 F.3d at 415.

### C. Ground Four: Fifth, Sixth, and Eighth Amendment Claims

In his fourth ground for relief, Ellis pursues three separate arguments for relief. He first argues that the state courts violated his Fifth Amendment right against self-incrimination when he was not allowed to testify, and when he was prevented from calling his stepson to testify. In the second issue

contained in this ground, he argues that the state courts violated his Sixth Amendment right to a speedy trial. As discussed above in section (II)(B) above, this Court's review of this Sixth Amendment claim is barred by Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995). Finally, the Petitioner asserts that his Eighth Amendment rights to due process and against cruel and unusual punishment were violated when the state court imposed a twenty-year sentence upon him. Petitioner presented claims based upon the Fifth and Eighth Amendments to the Mississippi Supreme Court when he filed a Motion for Leave to Proceed in the Trial Court with a Motion for Post-Conviction Collateral Relief.

The State asserts that review of these grounds for relief is governed by 28 U.S.C. § 2254(d)(1), which provides, as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

28 U.S.C. § 2254(d)(1)(1996). The undersigned agrees that review of these grounds is governed by § 2254(d)(1).

The United States Supreme Court interpreted § 2254(d)(1) in Williams v. Taylor, 120 S.Ct. 1495 (2000). Writing for the majority of the Court in Part II of her concurrence, Justice O'Connor commented on the meaning of § 2254(d)(1), as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal

principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 120 S.Ct. at 1523.

### 1. Fifth Amendment Claim

Turning to his Fifth Amendment claim, Ellis argues that the state trial court violated his right against self- incrimination when it did not allow him to testify at trial. Docket No. 1 at 10 (Petition); Docket No. 20 at 5 (Amended Rebuttal Brief). He further argues that his rights were violated when he was not allowed to call his stepson to testify. As stated in Williams, the standard by which this Court reviews the state court's decision on this issue is whether the state's decision was "contrary to" or involved an "unreasonable application of" clearly established Federal law.

Fundamentally, one of the rights protected by the Fifth Amendment is the right of a criminal defendant not to be forced to testify in a case, not the right to incriminate oneself by testifying. The transcript demonstrates conclusively that the trial judge talked directly to the defendant and explained to him his right to testify or not to testify:

> The Court: This court wants you to understand you have a right to testify or not testify in this trial. You, along with your attorneys, must make that decision whether or not you want to take the stand and testify. Although you will consult with your attorneys, the decision has to be yours whether or not you will testify. And if you decided that you did not want to testify, this Court will instruct the jury that they could not hold the fact that you did not testify against you. Do you understand that?
>
> Mr. Ellis: Yes, ma'am, I do.

Trial Transcript, Vol. 4 at 216:24 - 217:8. The Court has examined the transcript and finds no evidence that the Petitioner/defendant demanded on the record to testify, even when he had the opportunity to express his desire to testify to the Judge after the above exchange. Conversely, there is also no evidence in the transcript supporting an argument that the prosecution prevented him from testifying. Even when Ellis took the stand during the sentencing hearing, at which time he was subjected to direct questioning and cross-examination, he failed to mention that he had desired to testify in his own defense. Trial

Transcript, Vol. 5 at 387 - 397. Moreover, the Court gave an instruction to the jury regarding the Petitioner's Fifth Amendment rights[5], instructing the jury that the Defendant had a right not to testify and that the jury could not draw an adverse inference from his invocation of that right.

Evaluating this argument based upon Williams, this argument simply fails to provide a basis for habeas relief because the state court's decision on this issue was neither contrary to nor an unreasonable application of clearly established federal law. In sum, the argument is simply not supported by any evidence.

As to his argument that his Fifth Amendment rights were violated when the state courts did not allow his stepson to testify, this argument also fails to provide a basis for habeas relief. There is absolutely no evidence in the record to support his argument that the state trial court prevented his stepson from testifying. But, even if there were, based upon the statement that his stepson gave to the police, it is doubtful that the result of the trial would have been different if this witness had testified. See Trial Court Record, Statement of Elton Jackson in Volume entitled "Miscellaneous Pleadings," attached as an exhibit to"Pro Se Defendant Motion to Amend his Post Conviction Petition." Accordingly, because the State court's decision on this issue was neither "contrary to" nor an "unreasonable application" of federal law on this issue, this argument fails to form the basis of habeas relief. Furthermore, this argument has no merit or evidentiary basis.

---

[5]Without objection by the defense, Trial Transcript, Vol. 5 at 334, the Court gave the following instruction regarding a defendant's Fifth Amendment rights:

> The Court instructs the jury that the fact that the defendant did not take the witness stand cannot be considered by you for any purpose, and no inference whatsoever can be drawn against the defendant by reason of his decision not to take the stand. The law gives every person charged with a crime the absolute and unqualified privilege of not testifying, and the law further requires that no inference adverse to the defendant can be drawn by you, the jury, because he chose not to testify.

Trial Transcript, Vol. 1 at 108.

2.  Eighth Amendment Claim

Finally, the Petitioner argues that the state courts violated his Eighth Amendment rights when the trial court imposed a twenty-year sentence upon him, and the Court of Appeals upheld the sentence on appeal.  The extent of Ellis's argument is that the trial court violated his Eighth Amendment rights "by imposing a harsh sentence upon me, inflicting undue duress upon me as well as my children."  Petitioner's Motion for Post-Conviction Collateral Relief.  His habeas petition's argument is more succinct in that he only cites the Eighth Amendment's prohibition against cruel and unusual punishment as a basis for relief.[6]  Docket No. 1 at 10.  The State counters that because the petitioner was sentenced within the maximum years allowed by statute for the crime, Ellis has failed to show that there is a disproportionate sentence in this case.  Thus, the State asserts that the state court's decision was not an unreasonable application of clearly established federal law.

The aggravated assault statute under which he was charged and sentenced, Miss. Code Ann. § 97-307(2)(b), allows for a maximum sentence of twenty (20) years.  In habeas cases raising the issue of the constitutionality of a sentence of a term of years, "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case."  Lockyer v. Andrade, 538 U.S. 63, 73 (2003)(citing Harmelin v. Michigan, 501 U.S. 957, 1001 (1991)).  The United States Supreme Court has held "that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits

---

[6]Petitioner also invokes the protections of "due process" pursuant to the Eighth Amendment by adding the phrase "due process" to this argument.  A due process argument is properly based upon the Fifth and Fourteenth Amendments, not the Eighth Amendment.  In any event, consideration of a due process argument based upon the length of his sentence and based upon the Fifth Amendment is barred by Sones because the Petitioner failed to make this argument at any stage of his direct or collateral (post-conviction) appeals.

of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Solem v. Helm, 463 U.S. 277, 290 (1983).

Having considered Ellis's twenty-year sentence for aggravated assault in the light of the foregoing authorities, the undersigned finds that the state court's affirmance of his sentence was neither contrary to nor an unreasonable application of federal law. This sentence is not an "exceedingly rare" or "extreme" case because the trial court sentenced him within the maximum term allowed by the statute. Petitioner violently assaulted his unarmed brother with a gun by shooting him in the head. According to testimony at trial, a bullet is permanently lodged in the victim's brain and cannot be surgically removed. Despite this injury, the victim survived and testified at trial. The trial court also considered the Petitioner's previous convictions. The evidence, including the Petitioner's own testimony at sentencing, demonstrated that Ellis had previous convictions for felonious assault in Ohio and simple assault in Mississippi. Trial Transcript, Vol. 5 at 390 - 392. The sentence imposed by the trial court is within the limits imposed by the statute and is consistent with recent sentences for aggravated assault imposed by other trial courts in Mississippi. See Hughes v. State, 983 So. 2d 270 (Miss. 2008), cert. denied, 129 S.Ct. 633 (U.S. 2008)(term of twenty years imposed for aggravated assault of two victims); Lewis v. State, 905 So. 2d 729 (Miss. Ct. App. 2004)(two twenty-year consecutive sentences for manslaughter and aggravated assault); Ray v. State, 844 So. 2d 483 (Miss. Ct. App. 2002) (twenty-year maximum sentence for aggravated assault imposed on sixty-three year old defendant); Fleming v. State, 604 So. 2d 280 (Miss. 1992)(twenty-year maximum term for aggravated assault imposed). Accordingly, because the State court's application of federal law was neither contrary to nor an unreasonable application of federal law, and because his sentence was within the maximum allowed by statute, this argument does not form the basis for habeas relief.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Ellis's petition for habeas corpus relief should be

denied, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 22nd day of February, 2011.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE